953 F.2d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marilyn EVANS and Carl Evans, Plaintiffs-Appellants,
v.
CITY OF BROWNING, MONTANA, a municipal corporation; Glenn
Little Bird in his official capacity as the City of Browning
Police Supervisor and in his individual capacity; Greg
Gilham and Carl Pepion, individually and in their official
capacities as City of Browning Police Officers; Michael
Fairbanks, individually Dan Harwood, individually; Philip
Roy, individually; Richard Evans, individually; Les
Cobell, individually and Leonard Mountain Chief,
individually, Defendants-Appellees.
 No. 90-35779.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1991.
Decided Jan. 16, 1992.
As Amended on Denial of rehearing March 24, 1992.
 
 Before D.W. NELSON, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Marilyn and Carl Evans appeal the district court's summary judgment finding no municipal policy or custom of harassing whites and no racially discriminatory boycott of the Evans gas station. Marilyn Evans, a white person, ran a gas station on a Blackfeet Tribe reservation. After she separated from her husband, a member of the tribe, the tribal council ordered the seizure of tax-free cigarettes in her possession. In her § 1983 claim she argues that the City of Browning and the police illegally arrested and harassed her as a white for refusing to comply with the tribal order. She further contends in a § 1981 claim that tribal officials organized a racially discriminatory boycott of her gas station. Because disputed issues of fact exist about these claims, the Evanses argue, summary judgment is improper. We affirm in part and reverse and remand for trial in part.
 
 
 3
 To bring an action under 42 U.S.C. § 1983 against a municipality, the appellants must show that the city violated their civil rights as part of an official policy or custom. Monell v. New York Dept. of Social Servs., 436 U.S. 658, 694 (1978). The Evanses do not present evidence that the police officers directing their arrests had the "final authority to establish municipal policy with respect to the action ordered," Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986), and so they cannot prove that a policymaker authorized a discriminatory policy. No evidence that the agreement between the City of Browning and the tribal police gave the tribal police policy-making authority was intoduced. Neither do the appellants prove the existence of a "permanent and well settled" city custom of harassing whites. Monell, at 691 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-168 (1970)). There is no evidence of other suspect arrests of whites. We affirm as to the City of Browning because there is no policy or custom of harassment.
 
 
 4
 The Evanses also argue under § 1983 that their warrantless arrests were unreasonable seizures. The police counter by claiming qualified immunity. If issues of fact exist about the police conduct, the question of qualified immunity goes to the jury. Thorsted v. Kelly, 858 F.2d 571, 575 (9th Cir.1988). Here, there is an extremely complicated factual question: were the police acting as city or tribal officials when they arrested the Evanses?
 
 
 5
 If the appellees were acting as tribal police executing a tribal order, they were not acting under the color of state law and cannot be sued under § 1983. (The fact that they had no authority to arrest the Evanses since whites cannot be arrested by BIA police pursuant to tribal orders is not at issue here.) But if the appellees were acting as city police, they had no authority to execute a tribal order by arresting the Evanses pursuant to a city ordinance. They, therefore, are liable if it was unreasonable for them to think they had such authority. These questions present sufficient issues of fact to preclude summary judgment. We reverse and remand for a trial on the question of the appellees' positions as city officers or tribal police and, if necessary, on the question of the reasonableness of the city officers' jurisdictional confusion.
 
 
 6
 Also included in the § 1983 claim is Philip Roy, the Tribal Attorney. If the trier of fact determines that the officers were acting as tribal police, Roy would be immune from suit under § 1983. If the officers were city police during the arrest, Roy could be liable. The trier of fact would have to determine if Roy was acting in concert with the police and if it was unreasonable for him to think that city police could execute a tribal court order. We reverse and remand for trial.
 
 
 7
 The appellants further claim under § 1981 that the police and tribal members retaliated against them by initiating a racially discriminatory boycott against their gas station. There are sufficient facts concerning the purported boycott and conspiracy to warrant a trial. The conjunction of the meeting of Harwood, Fairbanks and Little Bird to agree to "spread the business around," Little Bird's statement that Evans was "only a white woman," and orders from BIA officials to avoid the Evans gas station suggests a conspiracy to boycott. This suggestion and the contradictory statements about the boycott in the record necessitate a trial. We reverse and remand for trial.
 
 
 8
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3